# United States Court of Appeals
# for the Fifth Circuit

————————

No. 24-60016
Summary Calendar

————————

United States Court of Appeals
Fifth Circuit

**FILED**
July 25, 2024

Lyle W. Cayce
Clerk

Md Maksudur Rahman,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

————————————————————

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A201 747 870

————————————————————

Before Barksdale, Haynes, and Wilson, *Circuit Judges*.

Per Curiam:[*]

Md Maksudur Rahman, a native and citizen of Bangladesh, petitions for review of the Board of Immigration Appeals' (BIA) denying his motion to reopen his proceedings.

Motions to reopen are "disfavored" and reviewed under "a highly deferential abuse-of-discretion standard". *Mejia v. Barr*, 952 F.3d 255, 259

————————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

(5th Cir. 2020) (citation omitted). Under this "highly deferential" standard, the denial will be upheld unless it "is capricious, irrational, utterly without foundation in the evidence, based on legally erroneous interpretations of statutes or regulations, or based on unexplained departures from regulations or established policies". *Id.* (citation omitted).

It is uncontested that Rahman filed his motion after the expiration of the 90-day time limit outlined in 8 U.S.C. § 1229a(c)(7)(C)(i). There is, however, no time limit for a motion "based on changed country conditions arising in the country of nationality . . . if such evidence is *material* and was not available and would not have been discovered or presented at the previous proceeding". *Id.* § 1229a(c)(7)(C)(ii) (emphasis added). To show changed country conditions, the alien bears the burden of "making a meaningful comparison between the conditions at the time of the removal hearing and the conditions at the time the alien filed [his] motion to reopen". *Nunez v. Sessions*, 882 F.3d 499, 508 (5th Cir. 2018); *see also Garcia v. Garland*, 28 F.4th 644, 649 (5th Cir. 2022) (concluding petitioner did not carry his burden). Neither a continuation of a trend nor an *incremental* change is sufficient to show changed country conditions. *Nunez*, 882 F.3d at 508–09.

Rahman's contention that the BIA erred by misinterpreting the word "material" is contrary to our jurisprudence. *See, e.g.*, *id.* Insofar as he asserts he did not bear the burden of showing changed country conditions, he is incorrect. *See Garcia*, 28 F.4th at 649 (placing burden on petitioner). And his contention that the BIA ignored certain evidence is refuted by the record. Moreover, this evidence supports the BIA's conclusion that Rahman showed only a continuation of conditions that existed at the time of his hearing. *Nunez*, 882 F.3d at 508–09.

DENIED.